UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| TRUDY GALLAWAY, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   Case No. 6:21-cv-42 |
| | ) |
| NOBILIS CREDIT MANAGEMENT, LLC, | ) |
| | ) |
|    Defendant. | ) |

**PLAINTIFF'S COMPLAINT**

Plaintiff, TRUDY GALLAWAY ("Plaintiff"), through her attorney, Agruss Law Firm, LLC, alleges the following against Defendant, NOBILIS CREDIT MANAGEMENT, LLC ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Texas Debt Collection Act, Tex. Fin. Code Ann. § 392, et al. ("TDCA").

**JURISDICTION AND VENUE**

3. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367 and 15 U.S.C. § 1692k and 15 U.S.C. § 1693(m).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

1

5. 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained within.

6. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7. Plaintiff is a natural person residing in the City of Tyler, Smith County, State of Texas.

8. Plaintiff is a consumer as that term is defined by the FDCPA and TDCA.

9. Plaintiff allegedly owes a debt as that term is defined by the FDCPA and TDCA.

10. Defendant is a debt collector as that term is defined by the FDCPA and TDCA.

11. Defendant attempted to collect a consumer debt from Plaintiff.

12. Defendant is a collection agency located in the City of Seneca, Erie County, State of New York.

13. Defendant is a business entity engaged in the collection of debt within the State of Texas.

14. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

15. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

16. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

17. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

18. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

19. Defendant is attempting to collect an alleged consumer debt from Plaintiff.
20. The alleged debt at issue arises from transactions for personal, family, and household purposes.
21. In or around December 2020, Defendant began placing calls to Plaintiff's daughter, Nancy, in an attempt to collect the alleged debt.
22. On or about December 2, 2020, Plaintiff's daughter answered Defendant's call and spoke with Defendant's male collector, Robert.
23. During the conversation with Plaintiff's daughter:
    a. Defendant's male collector disclosed Plaintiff's alleged debt to Plaintiff's daughter.
    b. Defendant's male collector threatened to garnish Plaintiff's wages.
24. Plaintiff's daughter is not a co-signor on Plaintiff's alleged debt and does not now owe Plaintiff's alleged debt.
25. Defendant's male collector is or should be familiar with the FDCPA and the TDCA.
26. Defendant's male collector knew or should have known that the FDCPA and the TDCA prohibit the debt collector from stating that the consumer owes a debt when communicating with any person other than the consumer.
27. In or around December 2020, Defendant began placing calls to Plaintiff on Plaintiff's telephone at xxx-xxx-6790, in an attempt to collect the alleged debt.
28. Defendant called Plaintiff's daughter and Plaintiff from 844-950-3916, which is one of

Defendant's telephone numbers.

29. In or around December 2020, Defendant left the following voicemail message on Plaintiff's telephone:

    a. "Trudy Galloway, this is case manager, Robert Fisher. I'm contacting you today with the offices of NCM on behalf of two complaints being filed against you and my office against your name and Social Security Number. Now it does not appear that these matters have yet been forwarded, so I wanted to call to give you the chance to make a final statement on your own behalf. I'll be holding the contents of your file in my office until tomorrow, so if you have any questions or any concerns, either yourself or your legal representation could reach me at 844-950-3916, extension is 106. Again, that telephone number 844-950-3916."

30. The telephone number 844-950-3916 belongs to Defendant.

31. Defendant is or should be familiar with the FDCPA and TDCA.

32. Defendant knows or should know the FDCPA and TDCA require a debt collector to disclose the caller's identity when communicating with a consumer.

33. Defendant knows or should know the FDCPA and TDCA require a debt collector to disclose that the communication is an attempt to collect a debt when communicating with a consumer.

34. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

35. The natural consequences of Defendant's statements and actions was to cause Plaintiff mental distress.

36. Defendant acted with intent to annoy and harass Plaintiff.

37. To date, Defendant does not have judgment entered against Plaintiff.

38. To date, Defendant has not taken legal action Plaintiff.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

39. Plaintiff repeats and re-alleges paragraphs one (1) through thirty-eight (38) of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

40. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692b(2) of the FDCPA by communicating with any person other than the consumer for the purpose of acquiring location information about the consumer and disclosing to such person that consumer owes a debt, when Defendant's male collector disclosed Plaintiff's alleged debt to Plaintiff's daughter;

    b. Defendant violated § 1692d(6) of the FDCPA by placing a call to Plaintiff without meaningful disclosure of the caller's identity, when Defendant left a voicemail message for Plaintiff on Plaintiff's telephone and did not disclose the communication is from Nobilis Credit Management;

    c. Defendant violated § 1692e(2) of the FDCPA by falsely representing the character, amount or legal status of any debt, when Defendant falsely represented that a lawsuit is pending against Plaintiff;

    d. Defendant violated § 1692e(4) of the FDCPA by representing that nonpayment of any debt will result in the garnishment of wages of any person unless such action is lawful and the debt collector intends to take such action, when Defendant threatened to garnish Plaintiff's wages when Defendant cannot lawfully take such action;

    e. Defendant violated § 1692e(5) of the FDCPA by its threat to take any action that cannot legally be taken or that is not intended to be taken, when Defendant veiled

threats of legal action when Defendant did not intend to take such action;

    f. Defendant violated § 1692e(10) of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when Defendant falsely represented that legal action was taken against Plaintiff;

    g. Defendant violated § 1692e(11) of the FDCPA by failing to disclose that the communication is from a debt collector, with none of the exceptions of this subsection being applicable, when Defendant left a voicemail message for Plaintiff on Plaintiff's telephone and did not disclose that the communication is from a debt collector attempting to collect a debt; and

    h. Defendant violated § 1692(f) of the FDCPA by using fair or unconscionable means in connection with the collection of an alleged debt, when Defendant engaged in the foregoing conduct.

WHEREFORE, Plaintiff, TRUDY GALLAWAY, respectfully requests judgment be entered against Defendant, NOBILIS CREDIT MANAGEMENT, LLC, for the following:

41. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

42. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

43. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE TEXAS DEBT COLLECTION ACT

44. Plaintiff repeats and re-alleges paragraphs one (1) through thirty-eight (38) of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

45. Defendant violated the TDCA based on the following:

    a. Defendant violated Tex. Fin. Code § 392.302(2) by placing telephone calls without disclosing the name of the individual making the call and with the intent to annoy, harass, or threaten a person at the called number, when Defendant left a voicemail message for Plaintiff on Plaintiff's telephone and did not disclose the communication is from Nobilis Credit Management;

    b. Defendant violated Tex. Fin. Code § 392.304(5)(A) by failing to disclose the communication is an attempt to collect a debt and that any information will be used for that purpose, when Defendant left a voicemail message for Plaintiff on Plaintiff's telephone and did not disclose that the communication is from a debt collector attempting to collect a debt; and

    c. Defendant violated Tex. Fin. Code § 392.304(8) by misrepresenting the character, extent, or amount of a consumer debt, when Defendant veiled threats of legal action when Defendant did not intend to take such action, when Defendant falsely represented that a legal matter is pending against Plaintiff and when Defendant threatened to garnish Plaintiff's wages when Defendant cannot lawfully take such action; and

    d. Defendant violated Tex. Fin. Code § 392.304(19) by using any false representation or deceptive means to collect a debt or information concerning a consumer, when Defendant's male collector disclosed Plaintiff's alleged debt to Plaintiff's daughter.

WHEREFORE, Plaintiff, TRUDY GALLAWAY, respectfully requests judgment be entered against Defendant, NOBILIS CREDIT MANAGEMENT, LLC, for the following:

46. For statutory damages provided and pursuant to Tex. Fin. Code Ann. § 392.403 and/or Tex. Bus. & Com. Code § 17.50(d);

47. For attorneys' fees, costs and disbursements;

48. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1); and

49. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

DATED:  January 26, 2021        RESPECTFULLY SUBMITTED,


By: /s/ Michael S. Agruss
    Michael S. Agruss
    SBN: 6281600
    Agruss Law Firm, LLC
    4809 N. Ravenswood Ave., Suite 419
    Chicago, IL 60640
    Tel: 312-224-4695
    Fax: 312-253-4451
    michael@agrusslawfirm.com
    Attorney for Plaintiff